UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

BAHER ABDELGAWAD,

    Plaintiff,                     Case No. _____

v.

MARK MANGIERI, EXCLUSIVE
SUPPLEMENTS, INC., DANIEL COLUMBUS,
TIMOTHY GATTI, and JOHN DOE

    Defendants

## CIVIL COMPLAINT

1. Plaintiff Baher Abdelgawad, the passive investor and minority shareholder of Exclusive Supplements, Inc., brings this action seeking relief for oppressive and unlawful acts directed at him by the Defendants.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction under 28 U.S.C. §1332, as the matter in controversy exceeds $75,000.00 and the parties are of diverse citizenship.

3. Personal jurisdiction is present over the Defendants pursuant to 18 U.S.C. §1965(a) and (b) and 28 U.S.C. §1391(b) and (d) in that Defendants reside within and are organized and/or existing pursuant to the laws of the Commonwealth of Pennsylvania.

4. Venue is proper in the Western District of Pennsylvania pursuant to 18 U.S.C. §1965(a) in that the Defendants reside within or are organized and existing pursuant to the laws of the Commonwealth of Pennsylvania and nearly all of the events giving rise to this Complaint took place in the Western District.

## Parties

5. Plaintiff Baher Abdelgawad is a citizen of the State of California and the passive investor and 35% minority shareholder of Exclusive Supplements.

6. Defendant Mark Mangieri is a citizen of the Commonwealth of Pennsylvania and the active manager and 65% majority shareholder of Exclusive Supplements.

7. There are no other shareholders of Exclusive Supplements other than Mr. Mangieri and Mr. Abdelgawad, who have owned their respective shares since the formation of Exclusive Supplements.

8. Defendant Exclusive Supplements, Inc. is a Pennsylvania corporation with its headquarters located at 3000 Casteel Drive, Coraopolis, Pennsylvania 15108.

9. Defendant Daniel Columbus is a Pennsylvania citizen and an employee of Exclusive Supplements.

10. Defendant Timothy Gatti is a Pennsylvania citizen and an employee of Exclusive Supplements.

11. Defendant John Doe, whose true name is unknown to Mr. Abdelgawad at this time, is believed to be a Pennsylvania citizen.

## Facts

12. Exclusive Supplements was incorporated on June 17, 2005 when its Articles of Incorporation were filed with the Pennsylvania Department of State.

13. Since formation, Mr. Mangieri has been the 65% majority shareholder and Mr. Abdelgawad has been the 35% minority shareholder of Exclusive Supplements.

14. From formation to October 10, 2012, Mr. Mangieri served as the sole director of Exclusive Supplements.

15. Since formation, Mr. Mangieri has served as the President of Exclusive Supplements.

16. Mr. Mangieri is also an employee of Exclusive Supplements, paying himself gross annual compensation in excess of $200,000.

17. Since formation, Mr. Mangieri has served as the active manager of Exclusive Supplements, making all key business decisions.

18. Since formation, Mr. Abdelgawad has served as a passive investor only, receiving distribution payments corresponding to his ownership but not contributing actively to the management of Exclusive Supplements.

19. In recent years, Mr. Mangieri has engaged in extensive unreasonable conduct and/or mismanagement of Exclusive Supplements, causing severe harm to the company and its shareholders, including Mr. Abdelgawad.

20. At several times, Mr. Mangieri has attempted to sell Exclusive Supplements or acquire 100% of the interest of Exclusive Supplements by negotiating a buyout with Mr. Abdelgawad.

21. In every case to date, no deal could be reached.

22. Mr. Mangieri began to take steps to attempt to freeze out Mr. Abdelgawad as the minority shareholder so that Mr. Abdelgawad would be forced to sell his shares to Mr. Mangieri.

23. Mr. Mangieri ultimately initiated a scheme to forcibly acquire 100% of the interest in Exclusive Supplements, conspiring with John Doe.

24. A letter from Mr. Mangieri's attorney Lynn Emerson dated July 17, 2012 plainly stated Mr. Mangieri's intentions as follows:

> Mangieri, in his capacity as sole Director, has determined that it is in the best interest of the Company [Exclusive Supplements, Inc.], to reacquire the Minority Shareholders' interest in the Company, either by acquisition by Mangieri as majority shareholder, or by sale of all of the assets of the company to a new entity, in which the Minority Shareholders will have no interest.

25. In other correspondence and meetings, Mr. Mangieri continued to deal with Mr. Abdelgawad in an illegal and oppressive manner, attempting to forcibly acquire 100% of the interest of Exclusive Supplements.

26. Mr. Mangieri conspired with John Doe to forcibly and unlawfully acquire 100% of the interest in Exclusive Supplements from Mr. Abdelgawad for an unfair price with the financial support of John Doe.

27. As further described below, Mr. Mangieri has engaged in a pattern of behavior which was designed to illegally harm and oppress Mr. Abdelgawad as the minority shareholder as well as behavior which has harmed Exclusive Supplements and its shareholders.

### Count I: Breach of Fiduciary Duties
*BAHER ABDELGAWAD v. MARK MANGIERI*

28. The preceding paragraphs are incorporated herein as if set forth at length.

29. Mr. Mangieri is required to use his positions of authority as a director and officer of Exclusive Supplements for the exclusive benefit of Exclusive Supplement and its investors, and is prohibited from using his positions of authority to promote or advance his own personal interests.

30. Mr. Mangieri, as a director and an officer, owes a fiduciary duty to Exclusive Supplements and to its shareholders, including Mr. Abdelgawad.

31. Shareholders who dominate the board of directors of a closely-held corporation also have a fiduciary duty to act fairly and not to act in favor of one group of shareholders to the detriment of another.

32. Mr. Abdelgawad, as a minority shareholder, has a direct right of action to enforce the fiduciary duties owed by Mr. Mangieri.

33. Mr. Mangieri has breached his fiduciary duties to Mr. Abdelgawad and Exclusive Supplements by engaging in self-dealing conduct, including specifically his attempts to force Mr. Abdelgawad to sell his shares to Mr. Mangieri and his attempts to sell the company to a buyer related to Mr. Mangieri for an unfair price and without appropriate disclosures.

34. Mr. Mangieri has breached his fiduciary duties to Mr. Abdelgawad and Exclusive Supplements by failing to file Exclusive Supplements tax returns in a timely manner, incurring penalties from the Internal Revenue Service.

35. Mr. Mangieri has breached his fiduciary duties to Mr. Abdelgawad by failing or refusing to provide Mr. Abdelgawad with a K-1 so Mr. Abdelgawad could complete his personal tax return in a timely manner.

36. Mr. Mangieri has breached his fiduciary duties to Mr. Abdelgawad by engaging in a pattern of conduct designed to freeze out Mr. Abdelgawad as a shareholder, including unreasonable withholding of distributions.

37. Mr. Mangieri has breached his fiduciary duties to Mr. Abdelgawad by refusing to grant access to Mr. Abdelgawad to inspect certain corporate records, for denying the existence of certain corporate records which do in fact exist, and for deceiving Mr. Abdelgawad about the existence and contents of certain corporate records which Mr. Abdelgawad is entitled to inspect.

38. Mr. Mangieri has breached his fiduciary duties to Mr. Abdelgawad by calling a special meeting of the shareholders on October 10, 2012, during which Mr. Mangieri falsely alleged that Mr. Abdelgawad was a member of the Board of Directors and that he would be removed for cause including breach of fiduciary duty.

39. Mr. Mangieri's conduct at the special meeting of the shareholders on October 10, 2012 was not intended to serve the best interests of Exclusive Supplements; rather, the false allegations were further attempts to intimidate and oppress Mr. Abdelgawad as the minority shareholder so that Mr. Abdelgawad would be forced to sell his shares to Mr. Mangieri for an unfair price.

40. Mr. Mangieri has breached his fiduciary duties to Mr. Abdelgawad and Exclusive Supplements by initiating improper and unfounded litigation in Pennsylvania state court against Mr. Abdelgawad, his wife, and his company—litigation which serves no legitimate business purpose of Exclusive Supplements and is not in the best interests of Exclusive Supplements, but serves to intimidate and oppress Mr. Abdelgawad as a minority shareholder in an attempt to force Mr. Abdelgawad to sell his shares to Mr. Mangieri at an unfair price.

41. Mr. Mangieri has breached his fiduciary duties to Mr. Abdelgawad and Exclusive Supplements by sending improper and unfounded trademark infringement cease-and-desist letters to Mr. Abdelgawad and Mr. Abdelgawad's business relations—letters which serve no legitimate business purpose of Exclusive Supplements and are not in the best interests of Exclusive Supplements, but serve to intimidate and oppress Mr. Abdelgawad as a minority shareholder in an attempt to force Mr. Abdelgawad to sell his shares to Mr. Mangieri.

42. Mr. Mangieri has breached his fiduciary duties to Mr. Abdelgawad and Exclusive Supplements by misusing and/or appropriating the funds and resources of Exclusive Supplements, for the personal benefit of Mr. Mangieri, including but not limited to using corporate funds to pay for attorneys who represented Mr. Mangieri's personal interests rather than the interests of Exclusive Supplements.

43. Mr. Mangieri has breached his fiduciary duties to Mr. Abdelgawad and Exclusive Supplements by knowingly engaging in, ordering, and/or permitting business practices in violation of federal and state laws and regulations pertaining to Exclusive Supplements.

44. Mr. Mangieri has breached his fiduciary duties to Mr. Abdelgawad and Exclusive Supplements by engaging in other conduct not in the best interests of Exclusive Supplements and its shareholders.

45. Mr. Mangieri has breached his fiduciary duties to Mr. Abdelgawad and Exclusive Supplements by engaging in other conduct designed to benefit himself personally as the majority shareholder and/or harm Mr. Abdelgawad as the minority shareholder.

46. Mr. Mangieri has breached his fiduciary duties to Mr. Abdelgawad and Exclusive Supplements by engaging in negligent and/or intentional mismanagement which has had the effect of reducing the value of Exclusive Supplements, including but not limited to: mismanaging the affairs of the company, unreasonably terminating the company's top independent contractor salesperson, failing to take reasonable advantage of corporate opportunities, failing to fulfill orders from clients in a reasonable manner, failing to place orders with vendors in a reasonable manner, failing to develop and promote new products, failing to reasonably expand product lines with new clients and markets, and other unreasonable conduct.

WHEREFORE, Plaintiff demands that this Court grant judgment in his favor and against Defendant Mark Mangieri and enjoin Mr. Mangieri's breaches of fiduciary duty, award Plaintiff such monetary damages as he may establish at trial which are in excess of $75,000, as well as punitive damages, and award Plaintiff the costs and expenses incurred in bringing this action, including reasonable attorneys' fees, together with such further relief as this Court may deem just and proper under the circumstances.

**Count II: Appointment of a Custodian/Receiver Including a Receiver Pendente Lite**
*BAHER ABDELGAWAD v. MARK MANGIERI and EXCLUSIVE SUPPLEMENTS, INC.*

47. The preceding paragraphs are incorporated herein as if set forth at length.

48. Mr. Mangieri has abused his positions of authority and control over Exclusive Supplements, and has acted illegally, oppressively, and/or fraudulently with respect to Mr. Abdelgawad.

49. Mr. Mangieri has caused and is causing irreparable harm to Mr. Abdelgawad, which can only be remedied through the appointment of a custodian.

50. Pursuant to 15 Pa. C.S.A. §1767 and §2333, Mr. Abdelgawad requests that a receiver or custodian be appointed by this Court to conduct the affairs of Exclusive Supplements.

51. Furthermore, Mr. Abdelgawad requests the appointment of a receiver pendent lite pursuant to 15 Pa. C.S.A §1984 until a full hearing can be had.

WHEREFORE, Plaintiff demands that this Court grant judgment in his favor and against Defendants Mark Mangieri and Exclusive Supplements, Inc. and appoint a custodian or receiver to manage the affairs of Exclusive Supplements, Inc. and authorize the custodian to act to the full extent of the authority provided for under Title 15, Pa. C.S.A., and award Plaintiff the costs and expenses he has incurred in bringing this action, including reasonable attorneys' fees, together with such further relief as this Court may deem just and proper under the circumstances.

**Count III: Dissolution**
*BAHER ABDELGAWAD v. MARK MANGIERI and EXCLUSIVE SUPPLEMENTS, INC.*

52. The preceding paragraphs are incorporated herein as if set forth at length.

53. Mr. Mangieri has acted illegally, oppressively, and/or fraudulently toward Mr. Abdelgawad, and it is beneficial to the interests of the shareholders that Exclusive Supplements be wound up and dissolved.

54. The assets of Exclusive Supplements are being misapplied and/or wasted by Mr. Mangieri such that it is beneficial to the interests of the shareholders that Exclusive Supplements be wound up and dissolved.

WHEREFORE, Plaintiff demands that this Court grant judgment in his favor and against Defendants Mark Mangieri and Exclusive Supplements, Inc. and dissolve and wind up the affairs of Exclusive Supplements, Inc. and authorize the custodian to act to the full extent of the authority provided for under Title 15, Pa. C.S.A., and award Plaintiff the costs and expenses he has incurred in bringing this action, including reasonable attorneys' fees, together with such further relief as this Court may deem just and proper under the circumstances.

### Count IV: Aiding and Abetting Breach of Fiduciary Duty
*BAHER ABDELGAWAD v. DANIEL COLUMBUS and JOHN DOE*

55. The preceding paragraphs are incorporated herein as if set forth at length.

56. Pennsylvania law provides that the tort of aiding and abetting breach of fiduciary action occurs when there is a breach of fiduciary duty owed to another and when the aiding and abetting party both has knowledge of the breach of fiduciary duty and grants substantial assistance or encouragement to the breaching party.

57. As described above, Mr. Mangieri breached fiduciary duties owed to Mr. Abdelgawad.

58. Upon information and belief, both Mr. Columbus and John Doe had knowledge of Mr. Mangieri's breach of duty.

59. Upon information and belief, both Mr. Columbus and John Doe affirmatively participated in Mr. Mangieri's actions by substantially assisting or encouraging Mr. Mangieri to breach his fiduciary duties to Mr. Abdelgawad.

60. Mr. Columbus's and John Doe's aiding and abetting of Mr. Mangieri's breach of fiduciary duties has caused Mr. Abdelgawad to sustain substantial damages.

WHEREFORE, Plaintiff demands that this Court grant judgment in his favor and against Defendants Daniel Columbus and John Doe and enjoin the Defendants' actions, award Plaintiff such monetary damages as he may establish at trial which are in excess of $75,000, as well as punitive damages, and award Plaintiff the costs and expenses incurred in bringing this action, including reasonable attorneys' fees, together with such further relief as this Court may deem just and proper under the circumstances.

### Count V: Defamation
*BAHER ABDELGAWAD v. MARK MANGIERI, EXCLUSIVE SUPPLEMENTS, and TIMOTHY GATTI*

61. The preceding paragraphs are incorporated herein as if set forth at length.

62. Upon information and belief, Mr. Mangieri, Mr. Gatti, and agents of Exclusive Supplements for whom the company is legally responsible have published defamatory communications relating to Mr. Abdelgawad to third parties, causing significant harm to Mr. Abdelgawad.

63. As a result of the Defendants' defamatory communications, Mr. Abdelgawad has suffered injury to his personal and professional reputation.

64. Mr. Abdelgawad has also suffered specific economic damages as the result of the Defendants' defamatory communications.

65. Some or all of the defamatory communications constitute defamation *per se* in that they falsely impute criminal activities or business misconduct to Mr. Abdelgawad.

66. The defamatory actions of the Defendants involve malice, making an award of punitive damages appropriate.

67. The defamatory communications of the Defendants have been made on one or more occasions and to one or more third parties, including business contacts of Mr. Abdelgawad such as his vendors and customers.

WHEREFORE, Plaintiff demands that this Court grant judgment in his favor and against Defendants Mark Mangieri, Timothy Gatti, and Exclusive Supplements and enjoin the Defendants' actions, award Plaintiff such monetary damages as he may establish at trial which are in excess of $75,000, as well as punitive damages, and award Plaintiff the costs and expenses incurred in bringing this action, including reasonable attorneys' fees, together with such further relief as this Court may deem just and proper under the circumstances.

### Count VI: Civil Conspiracy
*BAHER ABDELGAWAD v. MARK MANGIERI and JOHN DOE*

68. The preceding paragraphs are incorporated herein as if set forth at length.

69. Mr. Mangieri conspired with John Doe to forcibly and unlawfully acquire 100% of the interest in Exclusive Supplements from Mr. Abdelgawad with the financial support of John Doe.

70. Mr. Mangieri and John Doe conspired to sell the assets of Exclusive Supplements to a buying company controlled by Mr. Mangieri and John Doe at an unfair price, unlawfully depriving Mr. Abdelgawad of his rightful ownership interest in Exclusive Supplements.

71. Mr. Mangieri and/or John Doe took one or more affirmative steps in pursuance of the common purpose.

72. As a result of the conspiracy between Mr. Mangieri and John Doe, Mr. Abdelgawad has suffered significant damages.

WHEREFORE, Plaintiff demands that this Court grant judgment in his favor and against Defendants Mark Mangieri, and John Doe and enjoin the Defendants' actions, award Plaintiff such monetary damages as he may establish at trial which are in excess of $75,000, as well as punitive damages, and award Plaintiff the costs and expenses incurred in bringing this action, including reasonable attorneys' fees, together with such further relief as this Court may deem just and proper under the circumstances.

Respectfully submitted,

Dated: November 2, 2012

/s/ David M. Manes
David M. Manes, Esq.
Pa. ID No. 314661
KISNER LAW FIRM, LLC
One Oxford Centre
301 Grant Street, Ste. 4300
Pittsburgh, PA 15219
(412) 208-3662 Phone
(412) 255-3701 Fax
david@kisnerlawfirm.com
Counsel for Plaintiff